UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLYDE S. HARPER | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: |
| | * | |
| AMERI-FORCE, INC., BP PRODUCTS NORTH | * | JUDGE: |
| AMERICA, INC., BP AMERICA, INC. and | * | |
| BP EXPLORATION AND PRODUCTION, INC. | * | MAGISTRATE: |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## SEAMAN'S COMPLAINT FOR MAINTENANCE AND CURE

NOW COMES Clyde S. Harper, a resident and citizen of the full age of majority of Jefferson Parish, State of Louisiana, who with respect represents:

### DEFENDANTS

1.

Defendant herein are:

(a)     Ameri-Force, Inc. ("Ameri-Force"), a foreign corporation doing business in the State of Louisiana and within this District;

(b)     BP Products North America, Inc. ("BP Products"), a foreign corporation doing business in the State of Louisiana and within this District;

(c)     BP America, Inc. ("BP America"), a foreign corporation doing business in the State of Louisiana and within this District; and,

(d)     BP Exploration and Production, Inc. ("BP Exploration"), a foreign corporation doing business in the State of Louisiana and within this District.

## JURISDICTION

2.

The jurisdiction of this Honorable Court is invoked under 28 U.S.C. §1333 pursuant to the admiralty and general maritime laws of the United States. Plaintiff designates this action as one falling under the admiralty jurisdiction of this Honorable Court and specifically designates it as one falling under Rule 9(h) of the Federal Rules of Civil Procedure.

## VENUE

3.

This action for maintenance and cure arises out of an incident that occurred in Grand Isle, Louisiana in the Parish of Jefferson; therefore, venue is proper in the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

4.

BP Products, BP America, and BP Exploration (collectively "BP") are the holders of a lease granted by the Minerals and Management Service that allows BP to drill for oil and perform oil-production related operations on the Outer Continental Shelf in the Gulf of Mexico. upon information and belief, BP is responsible for an explosion and subsequent oil spill that occurred on April 20, 2010 because BP failed to ensure that the well on their lease was completed properly, did not explode, did not leak oil, and if it did leak, BP failed to contain and minimize the spill.

5.

In an effort to mitigate the damage caused by the oil spill mentioned above, BP chartered a fleet of vessels and hired trained personnel from the defendant, Ameri-Force, through its operating companies and subsidiaries to engage in the clean-up operation.

## CAUSE OF ACTION

6.

At all relevant times herein, Clyde S. Harper was a Jones Act seaman within the meaning of 46 U.S.C. §688 and was permanently assigned as a member of the crew to a vessel and/or fleet of vessels and performed work in the furtherance of their mission of the vessel, to-wit: the clean-up of the oil spill for which BP is responsible. Plaintiff's connection with the vessels was substantial in duration and nature.

7.

At all times mentioned herein, BP was the charterer and/or operator who possessed, operated, managed and/or controlled a fleet of vessels in commerce operating upon the navigable waters in the Gulf of Mexico off of the shores of the State of Louisiana to which vessels the plaintiff, Clyde S. Harper, was assigned.

8.

BP through Ameri-Force employed plaintiff and his crew members to work upon its vessels seven (7) days per week for approximately 14 hours per day. Sleeping and eating accommodations of the workers, including plaintiff, were provided by the defendants, BP and Ameri-Force, at the Sand Dollar Marina Inn in Grand Isle, Louisiana for the convenience of the defendants. Additionally, plaintiff and his fellow workers were at all times answerable to the call of duty.

9.

On or about June 21, 2010, plaintiff, Clyde S. Harper, sustained serious and disabling injuries when he fell from the second floor of the balcony of the Sand Dollar Marina Inn to the ground below as the result of the balcony railing giving way.

10.

As a proximate result of the above incident, plaintiff, Clyde S. Harper, sustained injuries to his head, neck, including the fracture of his cervical vertebra, rib cage, a pneumothorax of his right lung, injuries to his right upper arm, lower back, right leg, as well as other multiple lacerations, abrasions and contusions.

11.

The defendants, Ameri-Force and BP, have been arbitrary and capricious in their willful failure and refusal to provide maintenance and cure to the plaintiff; therefore, plaintiff, Clyde S. Harper, is entitled to attorney's fees, allowable damages including punitive damages, in addition to maintenance and cure benefits because of the defendants' willful and wanton disregard of their maintenance and cure obligation owed to plaintiff under the general maritime law.  Plaintiff alleges that punitive damages should be awarded in a sum not less than $250,000.00.

12.

As a result of the above incident, plaintiff has incurred past medical expenses and will incur future medical expenses of approximately $100,000.00.

13.

The defendants have failed to provide home healthcare that was prescribed by plaintiff's treating physicians.  Insofar as defendants' refusal to provide adequate medical care may cause

plaintiff's condition to worsen, defendants are further liable for compensatory damages including an award for additional pain and suffering in the sum of $100,000.00.

14.

As a result of the above incident, plaintiff was rendered unfit for duty on or about June 21, 2010, and presently remains unfit and incapable of returning to work as a seaman.

15.

The defendants, Ameri-Force and BP, are, therefore, indebted to the plaintiff for past, present and future maintenance and cure benefits in the amount mandated by law from June 21, 2010 until maximum cure is achieved, and for all costs of cure incurred by plaintiff from June 21, 2010 until maximum cure is achieved.

WHEREFORE, plaintiff prays that after due proceedings had that there be judgment in favor of plaintiff, Clyde S. Harper, and against the defendants, Ameri-Force and BP, jointly, severally and *in solido*:

(A)     In an amount mandated by law for maintenance and cure from June 21, 2010, and for all expenses of cure incurred by plaintiff, until maximum cure is achieved;

(B)     For an award of past and future medical expenses in the sum of $100,000.00;

(C)     For compensatory damages of $100,000.00 for defendants' failure to provide adequate medical treatment;

(D)     For punitive damages in a sum of not less than $250,000.00 to be awarded due to the willful failure and/or refusal of the defendants to pay maintenance and cure under general maritime law; and,

(E)     For all general and equitable relief.

Respectfully submitted:

**STANGA & MUSTIAN**
A Professional Law Corporation

BY:  _____

**ALONZO T. STANGA, III (#12397)**
3117 22nd Street, Suite 6
Metairie, Louisiana 70002
Telephone: (504) 831-0666
Facsimile: (504) 831-0726
E-mail: ats@stangamustian.com

**PLEASE SERVE:**

AMERI-FORCE, INC.,
Through its Registered Agent:
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana 70802

BP PRODUCTS NORTH AMERICA, INC.
Through Its Registered Agent:
Prentice-Hall Corporation System
320 Somerulos Street
Baton Rouge, Louisiana 70802

BP AMERICA, INC.
Through its Registered Agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808

BP EXPLORATION AND PRODUCTION, INC.
Through Its Registered Agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808